UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESSE HALL, | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:14-cv-00506-LJM-TAB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. ' 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Jesse Hall ("Mr. Hall") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

*Background*

On July 21, 2009, Mr. Hall was charged in an Indictment with one count of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), in 1:09-cr-00112-WTL-KPF-1. On July 22, 2009, the government filed an information pursuant to 21 U.S.C. § 851(A)(1) as to a 1999 felony drug offense conviction.

On January 17, 2010, Mr. Hall filed a petition to enter a plea of guilty. On January 20, 2010, he filed a plea agreement pursuant to Rule 11(c)(1)(C) of the *Federal Rules of Criminal Procedure*. On May 7, 2010, the Court conducted a hearing on Mr. Hall's petition to enter a plea of guilty. At the hearing, the Court advised Mr. Hall of his rights and heard the factual basis for

1

the plea. The Court determined that Mr. Hall was competent to enter a plea of guilty and the plea was knowingly and willingly made. The Court accepted Mr. Hall's plea of guilty and adjudged him guilty as charged.

A sentencing hearing was held on the same day. The Court sentenced Mr. Hall to a term of 120 months in prison to be followed by an 8 year term of supervised release. Judgment was entered on the docket on May 14, 2010.

Complying with the terms of the plea agreement, Mr. Hall did not appeal his conviction or sentence. On March 24, 2014, Mr. Hall filed his motion for relief pursuant to 28 U.S.C. § 2255. He placed his motion in the prison mailing system on March 20, 2014.

*Discussion*

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In his § 2255 motion, Mr. Hall asserts that his attorney was ineffective by allowing an enhancement to his sentence under 21 U.S.C. § 851 to be included in the sentence agreed to in his guilty plea. The United States argues that Mr. Hall's § 2255 motion is time-barred and also barred by the waiver of post-conviction relief rights found in the written plea agreement.

*Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), that period runs from "the date on which the judgment of conviction becomes final." *Id.* A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003). As noted, the judgment of conviction was entered on May 14, 2010. Mr. Hall's conviction became

final on May 28, 2010. Using the one-year period from the date on which the judgment of conviction became final, Mr. Hall's present motion would have to have been filed by May 31, 2011, to be timely. Applying the prison mailbox rule, *see Houston v. Lack,* 487 U.S. 266, 271 (1988), Mr. Hall's § 2255 motion can be considered to have been filed on the date he placed the motion in the prison mail system, March 20, 2014. That date was almost three years after the § 2255(f)(1) statute of limitations period expired. Mr. Hall's motion is time-barred.

Mr. Hall acknowledges that his ' 2255 motion was not timely filed under § 2255(f)(1). He argues that instead, § 2255(f)(3) applies. That subsection provides that the one year limitation runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Mr. Hall appears to argue that his motion is timely under § 2255(f)(3) based on *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (holding that the Sixth Amendment rights recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) also apply to facts triggering a mandatory minimum sentence). The Seventh Circuit and every other circuit to address the issue have held, however, that *Alleyne* does not apply retroactively on collateral review. *Crayton v. United States,* No. 13-3548, 2015 WL 3895767 (7th Cir. June 25, 2015) (petition for *cert.* filed Sept 22, 2015). Without deciding here whether *Alleyne* even applies to the facts of his case, if in the future the Supreme Court decides that *Alleyne* is retroactive, Mr. Hall may file an application for leave to pursue a second § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) in the appropriate court of appeals.

Mr. Hall also argues that "tardiness is irrelevant where a constitutional issue is raised and where the prisoner is still confined," quoting *McKinney v United States,* 208 F.2d 844, 847 (D.C.Cir. 1953). His reliance on a 1953 case having very different facts, decided long before the

AEDPA imposed the one year statute of limitations in 1996, is meritless.

"The law is full of deadlines, and delay can lead to forfeiture." *Gross v. Town of Cicero, Illinois,* 528 F.3d 498, 500 (7th Cir. 2008). In this case, the deadline to file a motion pursuant to 28 U.S.C. ' 2255 passed long before Mr. Hall filed his motion. Mr. Hall's § 2255 motion is time-barred.

*Waiver*

The United States also argues that Mr. Hall's § 2255 motion is barred by the waiver of post-conviction relief rights found in the written plea agreement. Although the Court need not consider this additional defense in light of the timeliness issue, it will briefly discuss why it, too, lacks merit.

The plea agreement provided that Mr. Hall agreed to the mandatory minimum sentence of 120 months' imprisonment. Plea Agreement ¶ 3. The term of supervised release and the amount of the fine were left to the discretion of the Court. *Id*. In exchange for the concessions made by the government and in the event the Court sentenced him to 120 months imprisonment, Mr. Hall "expressly waives his right to appeal the conviction and any sentence imposed in this case on any ground, . . . [and] also expressly agrees not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255." Plea Agreement ¶ 8.

The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) "the plea agreement was involuntary," 2) "the district court relied on a

4

constitutionally impermissible factor (such as race)," 3) "the sentence exceeded the statutory maximum," or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *see also Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to ' 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

In *Mason,* 211 F.3d at 1069, the court suggested the following analysis in determining whether a claim has been waived: "[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" *Id.* Mr. Hall challenges his sentence and the manner in which it was determined. He argues that trial counsel was ineffective for failing to argue that the section 851 information was unlawful because he was thereby punished for a crime that was not listed in the indictment. He cites no authority for this proposition, nor could he. *See United States v. Luckey,* 290 Fed.Appx. 933, 935 (7th Cir. Aug. 25, 2008) (rejecting this argument and stating that because defendant was charged in an indictment, there could be no section 851(a)(2) violation. *See also United States v. Jackson,* 189 F.3d 502 (7th Cir. 1999) (section 851(a)(2) requiring an indictment before increasing punishment does *not* apply to the prior conviction on which a section 851(a)(1) enhancement is based)). Contrary to Mr. Hall's contention, he has not been subjected to double jeopardy under these circumstances.

Mr. Hall further argues that counsel failed to verify that the date of offense, birthdate, and other identifying information related to the prior felony matched Mr. Hall. Mr. Hall does not argue that he was not, in fact, convicted in 1999 of a prior felony drug charge in Illinois. He was aware of the section 851 information before he signed his petition to enter a plea agreement and the plea agreement. He has simply shown no ineffective assistance of counsel under these circumstances. Mr. Hall has not shown that his plea agreement was not knowingly and voluntarily made nor has he shown any ineffective assistance of counsel with respect to the plea agreement.

"We have repeatedly held that a voluntary and knowing waiver of an appeal [and § 2255 challenge] is valid and must be enforced." *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011) (internal quotation omitted). "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001) (internal quotation omitted). Mr. Hall has not met that burden.

Accordingly, the waiver provision is valid and will be enforced. Mr. Hall's § 2255 motion is barred by the waiver provision of his plea agreement.

*Conclusion*

The foregoing circumstances show that Mr. Hall is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 1:09-cr-00112-LJM-KPF-1.**

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2255 Proceedings*, and 28 U.S.C. ' 2253(c), the Court finds that Mr. Hall has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: _____10/13/2015_____

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Jesse Hall
#11250-424
Sandstone FCI
Inmate Mail/Parcels
P. O. Box 1000
Sandstone, MN 55072

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.